## Alexander Biddle, executor and trustee of Thomas A. Biddle, deceased, Appellant, v. The Wayne Water Works Company.

*Water companies—Corporations—Eminent domain—Equity—Injunction.*

A bill in equity to compel a water company to remove from plaintiff's land, a water pipe, which he alleges is not necessary for the successful operation of the waterworks will be dismissed where the bill is not filed until after the company has entered a bond and laid the pipe, and viewers, appointed on petition of plaintiff, have assessed the damages, and where it appears that the defendant company had not wantonly exercised its discretion in laying the pipe over complainant's land instead of under a highway which was alleged to be a better route than that.

Argued Feb. 7, 1899. Appeal, No. 285, Jan. T., 1898, by plaintiff, from decree of C. P. Delaware Co., March T., 1897, No. 1, dismissing bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction.

The first and second paragraphs of the bill alleged that plaintiff is the executor of Thomas A. Biddle, deceased, and that decedent devised his land to his executor in trust, etc.   The third and fourth paragraphs were as follows :

3. That recently the Wayne Water Works Company, a corporation existing under the laws of the commonwealth of Pennsylvania, having its principal office at Wayne, in the township of Radnor, have entered upon said land and have laid a pipe or pumping main, about twelve inches in diameter, across the same, extending from the Eagle road on the south to the line of lands of the Wayne Company on the north.   Said pipe is part of a pumping main extending from the pumping station of the defendant company in Wayne to their reservoir lying to the north of the plaintiffs' lands.

4. That the said defendant had no warrant or authority under the right of eminent domain, by consent of plaintiff, or otherwise, to enter upon said tract of land and lay the said pipe or pumping main across the same, and the plaintiff is informed and believes and therefore avers that it was not necessary for the successful operation of the waterworks of the defendant company nor for the purpose of supplying water to the community described in the charter of the defendant company, that the said pipe or pumping main should be laid upon or across the lands of the plaintiff and that the defendant company at a slightly increased expense could have laid the same entirely in the public highways and upon the land on which its reservoir is built.

The facts appear by the opinion of CLAYTON, P. J., which was as follows :

The first, second and third paragraphs of the plaintiff's bill are found to be true.   The fourth paragraph of the defendant's answer is also found to be true.   The defendant corporation is vested with the state's right of eminent domain to enter upon such land as may be necessary for the purpose of construction and operating its works.   It also has power to lay pipes upon the public streets and highways subject to municipal regulations.   In the exercise of this power the defendant condemned a specific part of the plaintiff's land, describing the land taken

by metes and bonds.  There is no evidence that the defendant
has taken more land than is absolutely necessary for the pur-
pose of laying its pipes of suitable dimensions in the most
direct route to their works.  Before taking the land the de-
fendant complied with the conditions of the law by filing a
description of its condemnation and giving a bond with suffi-
cient security, approved by the court, for the payment of all
damages which might be sustained by the plaintiff.  Bond was
filed November, 1894, and was in the sum of $3,000.  Sub-
sequently, and before the filing of this bill, the defendant pro-
ceeded to lay its pipes upon the condemned land, taking no
more than was necessary.  On May 6, 1895, the plaintiff pre-
sented his petition to the court for the appointment of viewers ac-
cording to law to assess his damages.  The viewers met, heard
all the testimony in strict pursuance of their appointment, and
filed their report November 5, 1895.  From this report the
plaintiff has appealed, and an issue was duly framed to try the
question as to the amount of the damages, which issue is still
pending and undetermined.  The chief issue between the par-
ties is the question of necessity, the plaintiff alleging that
another route should have been adopted as the least expensive
to the company and the least injurious to the plaintiff.  The
route adopted is the most direct.  There is no allegation or
proof that the company has exercised its authority wantonly,
corruptly or capriciously, or that the rights of the owners of
the land which it has taken were trifled with or unreasonably
disregarded.  The whole question, therefore, is whether the
route adopted is fairly a reasonable one, for we hold that the
discretion of the company in adopting its routes, and in con-
demning the plaintiff's property, can only be restrained or con-
trolled by the court where the condemnation or exercise of the
state's right of eminent domain has been exercised in an un-
reasonable manner.  We are of opinion that under the evidence
in this case, and the facts proved, a court of equity will not
undertake to control the discretion of the corporation.  See
Lodge v. P., W. & B. Railroad, 8 Phila. 345, New York & Erie
Railroad v. Young, 33 Pa. 175, and Williamsport, etc., R. R.
v. Phila. & Erie R. R., 141 Pa. 406.  The authorities cited by
the plaintiff virtually announce the same principle.  In Jarden
v. R. R. Co., 3 Wharton, 502, the court says that it is well

settled where lands are sought to be taken for public use it must appear that they are reasonably necessary for the purpose of the corporation. We are of opinion that the question of necessity in the present case is first to be decided by the corporation, and where there is nothing unreasonable in the location and condemnation the courts will not interfere. The allegation upon the part of the plaintiff is that it would have been cheaper for the company to have condemned, or to have laid their pipes upon Engle avenue, and then run up the Radnor road, and from the Radnor road diagonally up to the reservoir. Counsel for plaintiff has fallen into an error in his supposition that the laying of this pipe upon a public road would not be an additional servitude upon the land occupied by the road. So far as the occupation of a street of a borough or of a city is concerned, this may be admitted, because the streets of a city are originally intended partially for that purpose; but with a public road this is not the case. The owners of the land upon which the pipe is laid, although occupied by the road, would be entitled to claim damages, because upon a vacation of the road there would be an injurious easement upon their land. We are, therefore, of the opinion that the exercise of this state's right of eminent domain by the company is reasonable exercise of their power. But this is not the only difficulty in the way of recovery. The plaintiff is too late in invoking the power of a court of equity. The location was made, the lands condemned, security given, and the pipe actually laid before the filing of the bill. If the plaintiff had intended to raise this question he should have filed his bill at once, upon receiving notice of the condemnation. He cannot be permitted in equity to lie by and choose two remedies, and after he has exhausted one, had his damages assessed, his issue framed, and his case ready for trial, to then ask for an injunction to undo all that has been done and compel the defendant to remove the improvements it has already constructed. The plaintiff's bill is therefore dismissed with costs to the defendant.

*Error assigned* was the decree of the court.

*Horace L. Cheyney*, for appellant.—The legislature has made

a clear distinction in the right conferred upon the railway companies and in that conferred upon water companies: Act of May 16, 1889, P. L. 226; Act of February 19, 1849, sec. 10, P. L. 79; Anspach v. R. R. Co., 5 Phila. 491.

The court erred in dismissing the plaintiff's bill on the ground that the laying of the pipe in the highway would have imposed an additional servitude.

The court erred in finding that the plaintiff was too late in invoking the power of a court of chancery: Gould v. Langdon, 43 Pa. 365; Semple v. Cleveland & Pittsburg R. R., 172 Pa. 369; Bispham's Equity, sec. 288; Liverpool Wharf v. Prescott, 7 Allen (Mass.), 494; Thayer v. Bacon, 3 Allen (Mass.), 163; Proctor v. Machine Co., 137 Mass. 159; Laverty v. Moore, 33 N. Y. 658; Reed v. McCourt, 41 N. Y. 435; Kincaid v. Dormey, 51 Mo. 552.

*E. H. Hall,* for appellee, cited Northampton Co. v. Lafayette College, 128 Pa. 138; N. Y. Cent. & H. R. R. R. v. Metropolitan Gas-Light Co., 5 Hun, 201; Tracy v. R. R., 80 Ky. 259; Wadhams v. R. R., 42 Pa. 303; Semple v. R. R., 172 Pa. 369.

PER CURIAM, February 20, 1899:

The correctness of the decree from which this appeal was taken is so fully vindicated in what has been so well said by the learned president of the common pleas that neither of the questions involved requires further discussion. The decree is affirmed on his opinion and the appeal is dismissed at appellant's costs.